# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-143-JPS |
| JOSHUA D. WICKS | **ORDER** |
| Defendant. | |

Joshua D. Wicks ("Defendant") faces a single-count indictment containing a felon-in-possession-of-a-firearm charge in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Docket #1). On October 16, 2020, he filed a motion to suppress the firearm. (Docket #16). Magistrate Judge William E. Duffin conducted an evidentiary hearing and issued a report and recommendation (the "R&R") in which he recommended that the motion to suppress be denied. (Docket #35). Defendant submitted timely objections to the R&R, to which the Government responded. For the reasons explained below, the Court will adopt the R&R and deny the motion to suppress.

1.  **LEGAL STANDARD**

When reviewing a magistrate's recommendation, the Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, sua sponte[,]. . .under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*; *see also* Fed. R. Crim. P. 59(b).

**2.    FACTS**

The parties do not dispute Magistrate Judge Duffin's characterization of the facts, so those facts will be adopted in full and recited below largely as they appear at (Docket #35 at 2–4), with various non-substantive alterations.

On May 20, 2020, a group of people drove a shooting victim to St. Joseph's Hospital. Officers from the Milwaukee County Sheriff's Office ("MCSO") and the City of Milwaukee Police Department responded to St. Joseph's Hospital and interviewed those individuals regarding the shooting. While the officers conducted interviews, one of the individuals who brought the shooting victim to the hospital jumped back into the car and drove away. Based on their interviews and a review of the surveillance and body-worn camera footage, the officers identified Defendant as the individual who took the car and fled. The officers also learned that Defendant was on felony probation for Milwaukee County Circuit Case Number 2019CF001694.

Detective Todd Rosenstein contacted Defendant's probation officer who, eight days later, issued an "apprehension request" based on Defendant's conduct. The next day, on May 29, 2020, MCSO and FBI agents went to Defendant's residence. They entered the home with Defendant's uncle's consent, and arrested Defendant. Immediately after the arrest, they asked Defendant's uncle if they could search Defendant's room, which was on the second story of the house. Defendant's uncle consented, and the officers ascended the stairs.

At the top of the stairs, the officers saw a bedroom with the door open wide. From their vantage point, they could also see inside the bedroom, where a rifle hung by a strap on the outside of a closet door. The officers entered the room and conducted a search, whereupon they found various contraband and Defendant's personal identifiers. Later that day, Detective Rosenstein contacted Defendant's probation officer and informed him of Defendant's arrest, the search of his room, and the fruits of that search.

3.  ANALYSIS

The Fourth Amendment establishes "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. For the average individual, "[w]ith few exceptions," a search of the home must be supported by a warrant and probable cause. *Kyllo v. United States*, 533 U.S. 27, 31, 40 (2001). Probationers, however, have diminished expectations of privacy; an officer need only have "reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity" before engaging in a search, and a warrant is not necessary. *United States v. Knights*, 534 U.S. 112, 121 (2001).

A Wisconsin statute known as "Act 79" provides the following search condition for probationers:

> If a person is placed on probation for a felony . . . the person, his or her residence, and any property under his or her control may be searched by a law enforcement officer at any time during his or her period of supervision if the officer reasonably suspects that the person is committing, is about to commit, or has committed a crime or a violation of a condition of probation.

Wis. Stat. § 973.09(1d). Act 79 further provides that the search must be reasonable; it cannot be arbitrary, capricious, or employed to harass; and the officer conducting the search must "as soon as practicable after the search, notify the department of corrections." *Id.* Act 79 does not mandate how officers should give notice of the search.

As Magistrate Judge Duffin observed, there is no dispute that Defendant was on probation and subject to Act 79, which permits warrantless searches of probationers if an officer reasonably suspects that criminal activity or probation violation is afoot. Nor is there any dispute that the officers reasonably suspected that Defendant had either committed a crime or violated a condition of his probation. Thus, it appears the search was constitutional under *Knights*.[1] 534 U.S. at 121.

Defendant's primary contention is that, at the time the officers conducted the search, they did not frame the search as an "Act 79" search. Rather, they obtained (Defendant argues it was coerced) consent from Defendant's uncle to search the home, then proceeded to search Defendant's room, over which the uncle lacked common authority, and could not give consent for a search. Thus, Defendant argues, there was no constitutional basis for the search when it occurred, and the Government's *post-facto* Act 79 justification does not retroactively make the search constitutional because the officers did not refer to the search as an Act 79 search until *after* defense counsel questioned the validity of the search.

---

[1] Magistrate Judge Duffin also concluded that the search was not arbitrary, capricious, or conducted to harass. Defendant has not objected to this; therefore, the Court will also adopt Magistrate Judge Duffin's conclusion that the officers did not violate Act 79 on these grounds, either.

This argument does not carry weight. While some courts have held that an officer must know of a warrantless search condition before conducting such a search, those are not the facts of this case. *See United States v. Caseres*, 533 F.3d 1064, 1076 (9th Cir. 2008) (finding a search of a parolee unreasonable where the record did not establish that the police officer knew the defendant was on parole and subject to a statute's suspicion-less search condition for parolees); *United States v. Williams*, 702 F. Supp. 2d 1021, 1030–31 (N.D. Ill. 2010) (explaining that officers must be aware that a person is on parole with warrantless search conditions attached in order to effectuate such a search). Indeed, prior to the search, the officers communicated with Defendant's probation officer and therefore knew Defendant was on probation in the state of Wisconsin and subject to Act 79's provisions. Rather, Defendant's primary argument is that, for the probationary search to be valid, Act 79 required officers to refer to the search as an "Act 79 search" either prior to its execution or in subsequent communications. However, Act 79 contains no such requirement, and the Court declines to deviate from the plain language of the statute. *See United States v. Berkos*, 543 F.3d 392, 398 (7th Cir. 2008). The Court will overrule Defendant's objections and adopt the R&R.

4. **CONCLUSION**

For the reasons explained above, the Court will adopt in full Magistrate Judge Duffin's report and recommendation and will deny Defendant's the motion to suppress the firearm.

Accordingly,

**IT IS ORDERED** that Defendant's motion to suppress (Docket #16) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's objections to the Report and Recommendation be and the same are hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation (Docket #35) be and the same is hereby **ADOPTED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge